The plff. declared in assumpsit for money deposited in deft.'s hands as a wager on a horse race. The first count set out a bet between the plff. and one John A. Collins on the event of a race to be run by their respective horses in the state of Maryland, and the deposit of one hundred dollars on each side in the hands of deft. as a stakeholder. That plff.'s horse had won the race, but deft. refused to pay him the money, c. The second and third counts were for money lent, and money had and received, c. being to recover back the plff.'s share of the deposit.
It appeared on the evidence that the race was run in the State ofMaryland, and that each party claimed to have won it. The judges appointed to superintend the race could not agree as to the result; and had never made any decision. The plff. demanded the money of the stakeholder, and, on his refusing to pay it to him, gave him notice not to pay it to the other party. He nevertheless did pay it over to Collins.
Witnesses were called to testify particularly as to the race and its result, but the court stopped the examination on that subject.
By the Court. It already appears that these stakes were deposited in the hands of deft. to he paid over on the event of a horse race which was to be decided by judges chosen by the parties, and that such a decision has never been made. It is unnecessary therefore to examine testimony as to which party won the race, as this court will not decide that question, nor permit either party to recover the stakes without a decision of the judges agreed upon by them that such party was the winner. Either party may, however, recover back his own share of the deposit.
Bayard, for deft. then moved a nonsuit, on the ground that no demand had been made before action brought. He assumed that this, was the case of a lawful wager, a bet on a horse race in another state. In, a lawful transaction the plff. voluntarily placed his money in the deft.'s hands, to keep until a certain event took place, and he cannot bring suit to recover it back until after a demand. It may be otherwise in the case of an illegal wager; for the money may be recovered back in that case even after a decision, and it is never lawfully in his hands.
Clayton. It is not important whether this court would sustain a bet on a horse race as a legal wager or not, though according to our act of assembly I have considered it illegal; but, in any case, if a party, before a decision of the wager, proceeds in disaffirmance of *Page 497 
the contract he is entitled to recover back his own share of the stakes. Har. Dig. 126; 5 Term R. 405; 4 Taunton, 474; 7 T. Rep.; 3 Stark. on Evidence, 1658; Selwyn's N.P.
81. The plff. in this case did make a demand of the money; but it is not necessary to prove a demand, as the deft. on his own responsibility undertook to decide the bet, and did pay the money over to the other party.
Bayard. The demand was of all the money, and not of plff.'s share of the deposit. It was not in disaffirmance of the bet, but claiming to have won it.
By the Court. In the ordinary case of a deposit in the hands of a stakeholder it would be unreasonable that he should be sued for it and put to the expense of a trial without having an opportunity to pay the money back without suit; there ought therefore to be a demand. But the deft. here has resisted the plff.'s claim upon any part of the deposit, by voluntarily paying all the stakes over to the other party, after notice, and against the orders of the plff. He has put it out of his power to respond to plff.'s demand by payment. After a demand by plff. of the whole amount, and a notice not to pay it over to the other party, and payment in disregard of this notice, we think a suit will lie against the stakeholder without a special demand of his share of the stakes.
We do not decide the question, for it is not necessary to the decision of this ease, whether a bet on a horse race in another state can be recovered in this court where the parties go out of this state merely for the purpose of legalizing the bet. 15 Com. Law B. 204;Hastelow vs. Jackson, 21 ditto, 420, Egerton
vs. Furzman; 5 Term Rep. 405; Cotton vs.Thurland, 4 Taunton, 474; Smith vs. Bickmore.
 The plff. had a verdict.